## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 20-3451

Caption [use short title]

**Motion for:** Sanctions Pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1927.

Set forth below precise, complete statement of relief sought:

Hermés of Paris, Inc. requests that the Court impose sanctions upon Appellant

Matthew Swain and his counsel for making frivolous arguments on this appeal,

including arguments either not raised in the District Court or which were rejected

as entirely without merit.  This appeal follows a long history of frivolous arguments

before both this Court and three other courts, consuming considerable time

and expense from the judiciary and Appellant.

Hermés of Paris, Inc. v. Matthew Swain

**MOVING PARTY:** Hermés of Paris, Inc.   **OPPOSING PARTY:** Matthew Swain

☐ Plaintiff   ☐ Defendant

☐ Appellant/Petitioner   ☑ Appellee/Respondent

**MOVING ATTORNEY:** Lawrence R. Sandak   **OPPOSING ATTORNEY:** Christopher W. Hager

[name of attorney, with firm, address, phone number and e-mail]

Lawrence R. Sandak, Proskauer Rose, LLP   Christopher W. Hager, Hager Law, LLC

Eleven Times Square, New York, NY 10036   55 Madison Avenue, Suite 400, Morristown, NJ 07960

212-969-3027; lsandak@proskauer.com   201-452-7931; chager@njhagerlaw.com

Court- Judge/ Agency appealed from: United States District Court, Southern District of New York, Chief Judge Colleen McMahon

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed   ☑ Opposed   ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes   ☐ No   ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?   ☑ Yes   ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No  If yes, enter date:

**Signature of Moving Attorney:**

/s/ Lawrence R. Sandak   Date: 4/9/21   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

# 20-3451

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◄◆►

HERMÈS OF PARIS, INC.,

*Petitioner-Appellee,*

—against—

MATTHEW SWAIN,

*Respondent-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## PETITIONER-APPELLEE'S MOTION FOR SANCTIONS

LAWRENCE R. SANDAK
EDNA D. GUERRASIO
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Petitioner-Appellee*

# **TABLE OF CONTENTS**

**Page**

SUMMARY OF THE ARGUMENT ..........................................................................1

STATEMENT OF RELEVANT FACTS ...................................................................3

ARGUMENT ..........................................................................................................13

I.      SWAIN'S FRIVOLOUS ARGUMENTS TO THIS COURT
WARRANT SANCTIONS...........................................................................13

II.     SWAIN'S REPEATED ABUSE OF THE JUDICIAL PROCESS TO
EVADE ARBITRATION WARRANTS SANCTIONS .............................19

CONCLUSION.......................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Acevedo v. Immigration & Naturalization Serv.*,
   538 F.2d 918 (2d Cir. 1976) ................................................................2

*Alvarez v. Bahama Cruise Line*,
   898 F.2d 312 (2d Cir. 1990) ..............................................................13

*Amaprop Ltd. v. Indiabulls Fin. Servs.*,
   483 F. App'x 634 (2d Cir. 2012) .................................................21, 22

*Bank of Canton, Ltd. v. Republic Nat. Bank*,
   636 F. 2d 30 (2d Cir. 1980) ...............................................................21

*Bartel Dental Books Co. v. Schultz*,
   786 F.2d 486 (2d Cir. 1986), *cert. denied*, 478 U.S. 1006, 106 S.
   Ct. 3298, 92 L.Ed.2d 713 (1986) ................................................13, 19

*Beekman Paper Co. v. Nat'l Paper Prods., et al.*,
   909 F.2d 67 (2d Cir. 1990) ................................................................21

*Beter v. Murdoch*,
   771 F. App'x 62 (2d Cir. 2019) .........................................................14

*Der-Rong Chour v. Immigration & Naturalization Serv.*,
   578 F.2d 464 (2d Cir. 1978) ..............................................................21

*Ernst Haas Studio, Inc. v. Palm Press, Inc.*,
   164 F.3d 110 (2d Cir. 1999) ..............................................................19

*Fluoro Electric Corp. v. Branford Assocs.*,
   489 F.2d 320 (2d Cir. 1973) ..............................................................22

*Galin v. Hamada*,
   753 F. App'x 3 (2d Cir. 2018) ...........................................................14

*Galligan v. Westfield Centre Service*,
   82 N.J. 188 (1980) .............................................................................16

*Hermès of Paris, Inc. v. Matthew Swain*,
   No. 16 Civ. 6255, 2016 WL 4990340 (S.D.N.Y. Sept. 13, 2016)....................5, 6

*Hermès of Paris, Inc. v. Matthew Swain,*
  867, F.3d 321, 325 (2d. Cir. 2017) ...................................................7

*Hermès of Paris, Inc. v. Matthew Swain*,
  No. 16 Civ. 6255, 2020 WL 5549704 (S.D.N.Y. Sept. 16, 2020)...............10, 11

*In re 60 E. 80th St. Equities, Inc.*,
  218 F.3d 109 (2d Cir.2000) ................................................................20

*In re Cosmopolitan Aviation Corp.*,
  763 F.2d 507 (2d Cir. 1985) ..............................................................13

*In re Hartford Textile Corp.*,
  659 F.2d 299 (2d Cir. 1981) ..............................................................19

*In re Martin–Trigona*,
  9 F.3d 226 (2d Cir. 1993) ..................................................................19

*Moore v. Time, Inc.*,
  180 F.3d 463 (2d Cir. 1999) ..............................................................21

*Muigai v. U.S. Immigration & Naturalization Serv.*,
  682 F.2d 334 (2d Cir. 1982) ..............................................................13

*Rich v. Spartis*,
  516 F. 3d 75 (2d Cir. 2008) ...............................................................22

*Roach v. BM Motoring LLC*,
  228 N.J. 163 (2017) .........................................................................8, 9

*Rodriguez v. Raymours Furniture Company, Inc.*,
  225 N.J. 343 (2016) .......................................................................16, 17

*Swain v. Hermès of Paris, Inc., et al.*,
  No. A-4682-17T4, 2019 WL 1773293 (N.J. App. Div. April 23,
  2019) ..............................................................................................9

*United States v. Potamkin Cadillac Corp.*,
  689 F.2d 379 (2d Cir. 1982) ..............................................................13

**STATUTES**

28 U.S.C. § 1927 (1982) ......................................................................13, 23

Federal Arbitration Act § 10(a).............................................................14, 15, 16

**OTHER AUTHORITIES**

American Arbitration Association, Employment Arbitration
    Rules & Mediation Procedures, Rule 27 .............................................................9

Federal Rules of Appellate Procedure, Rule 38................................................*passim*

## SUMMARY OF THE ARGUMENT

The challenges made by Appellant, Matthew Swain ("Swain"), to the decision below are entirely frivolous. Some of Swain's arguments were not even raised below and so may not be advanced on this appeal. Additional arguments made by Swain fall outside the scope of permitted review delineated expressly in the Federal Arbitration Act ("FAA"). Swain's principal argument, that the Arbitrator lacked the authority to rule on a dispositive limitations defense, was waived when Swain consented to the Arbitrator hearing the motion. In any event, the Arbitrator's authority to rule on the defense is set forth clearly in the parties' arbitration agreement and is not subject to challenge on any legitimate ground.

This appeal is the culmination of a four and a half year campaign by Swain and his counsel to avoid the arbitration to which Swain agreed, and then to vacate the Award against him, all without any basis in fact or law. Swain's vexatious machinations converted a process intended to be speedy, efficient and cost-effective into a time-consuming and expensive battle fought across four courts, in two states, and before twelve judges – not one of whom has found any merit in Swain's nonsensical arguments to date. In order to redress Swain's abuse of the judicial system and the arbitral process, to vindicate the salutary purposes of the FAA, to compensate Appellee, Hermès of Paris, Inc. ("Hermès"), for the extraordinary expenses it has incurred simply to enforce its contract with Swain,

1

and to make clear that litigants may not attempt to circumvent the FAA through serial, frivolous court filings, this Court should award a substantial sanction against Swain and his counsel.

## STATEMENT OF RELEVANT FACTS[1]

Swain was hired by Hermès and began working as the Managing Director and head of its fashion boutique in the Mall at Short Hills on July 31, 2015. (JA 009.) On August 28, 2015, Swain signed an agreement with Hermès to arbitrate all disputes arising out of his employment. (JA 023-27.) The standalone agreement, titled, "Dispute Resolution Procedure" (the "DRP Agreement"), provided for a three-step dispute resolution procedure ("DRP") ending with "final and binding arbitration." (*Id.*)

The DRP Agreement set forth a contractual limitations period of six months, unless the "dispute arises under a law that provides an alternate filing period, in which case such period shall apply." (JA 024.) The arbitration was to be held in accordance with the "AAA Employment Arbitration Rules" and Hermès agreed to bear the cost of the arbitration, irrespective of which party initiated it. (*Id.*)

In an attachment to the DRP Agreement headed "Disputes Covered," the Agreement specified that the parties will arbitrate: "all legal and equitable claims . . . of whatever nature or kind" including "claims arising from or related to alleged discrimination, harassment, or retaliation in employment… under any federal, state

---

[1] A more comprehensive Statement of Facts may be found in Hermès memorandum of law opposing Swain's appeal filed with this Court on March 15, 2021 (ECF No. 49.) All references herein to (JA__) are to the Joint Appendix (ECF No. 29-2) on that appeal.

and/or other governmental law…." (JA 027.) The DRP Agreement provided that "[i]n reaching his or her decision, the arbitrator shall apply the governing substantive law applicable to the parties' claims and defenses otherwise available in court" and has the power to award the "remedies otherwise available in court." (JA 024.) The DRP Agreement stated that "New York law shall apply." (JA 025.)

Swain worked at Hermès for approximately three months, until November 6, 2015, at which time his employment ended. Eight months later, Swain's counsel threatened Hermès with litigation for alleged violations of the New Jersey Law Against Discrimination ("NJLAD"). (JA 122-23.) Hermès responded by providing a copy of the DRP Agreement to Swain's attorney, Christopher Hager, and reminding Swain, through counsel, that he was obligated to resolve any employment-related disputes in accordance with the DRP Agreement. (*Id.*) Swain's counsel denied that his client's claims were subject to arbitration because, *inter alia*, he claimed (falsely) that the DRP Agreement "makes no mention of anti-discrimination laws." (*Id.*)

The next day, July 19, 2016, Swain raced to the Superior Court of New Jersey where he filed a Complaint against Hermès, and his subordinate Lorenzo Bautista. (JA 008-22.) The Complaint asserted claims of sexual orientation discrimination, hostile work environment and retaliation under the NJLAD, as well as breach of contract involving an unpaid bonus claim. (*Id*.)

Swain's counsel notified Hermès (again falsely) that the Complaint had been
filed because Swain "never agreed to any alternate dispute resolution of his
[NJ]LAD claims" and that "[t]he NJ Superior Court is where his [NJ]LAD claims
will be decided pursuant to his constitutional right to a jury trial." (JA 121.)
Swain refused to participate in the AAA mediation, stating through counsel:
"[A]bsent a court order to the contrary, we are not a party to this purported
mediation." (JA 132-34.)

On August 5, 2016, Hermès filed a Petition under the FAA to compel Swain
to arbitrate the claims asserted in his New Jersey Superior Court complaint. (JA
028-36.) Swain opposed Hermès' Petition, but failed to offer any admissible
evidence to prove that either: (1) the DRP Agreement was invalid; or (2) its scope
did not encompass his claims in the New Jersey action. (JA 136-38.)[2]
Characterizing Swain's argument that he needed discovery to "ascertain the

---

[2] The District Court stated that, "[t]he Dispute Resolution Agreement, produced by
[Hermés], contains Swain's signature below a line that states, in bold, that his
'signature means that you have read the agreement, understand it and are
voluntarily entering into it.' Nothing in the record suggests that the signature was
forged or made involuntarily, and [Swain's] argument that he needs discovery to
ascertain the validity of his own consent is ludicrous, since the information he
needs is entirely within his own control . . . . [I]t is incumbent on [Swain] to
provide the court with some evidence - - for instance, a sworn affidavit - - to
establish that his consent was not voluntary. Having failed to produce any such
evidence, there was and is no basis on which to find the agreement invalid."
*Hermès of Paris, Inc. v. Matthew Swain*, No. 16 Civ. 6255, 2016 WL 4990340, *4
(S.D.N.Y. Sept. 13, 2016) (citations omitted).

validity of his own consent" as "ludicrous" and "[without] merit" and finding that

the parties had "entered into a contractually valid arbitration agreement," on

September 13, 2016, Chief Judge Colleen McMahon granted Hermès' Petition and

compelled Swain to arbitrate his dispute with Hermès. *Hermès of Paris, Inc.*, 2016

WL 4990340, *4. Swain appealed to this Court. (JA 006.)

During the pendency of that appeal, and in light of Judge McMahon's Order,

Hermès filed a motion to dismiss the New Jersey action. (JA 038.) At oral

argument, New Jersey Superior Court Judge Francine Schott asked Swain's

counsel, "[Why]… isn't your client in contempt for not doing what [the federal

judge] told him to do [*i.e.*, drop the state court case and bring his claims in

arbitration]?" (JA 143.) The judge then pointedly told Swain's counsel what the

consequence of a Second Circuit affirmance would be: "You're done. You can't

come here and proceed against Hermès and have a jury and all the rest of it

because the federal court has told you, you have to go to arbitration." (JA 144-45.)

On November 18, 2016, the New Jersey Superior Court dismissed the state

court action, without prejudice to its re-filing *only* if this Court reversed the Order

compelling arbitration. (JA 040-41.)

On August 14, 2017, this Court affirmed, finding that Swain's argument that

the court should "look through" the petition to the underlying dispute to determine

diversity jurisdiction was entirely "foreclosed" by a twenty-two year old Second

Circuit decision directly on point and which had been "uniformly embraced … by all … Circuits to have addressed the issue." *Hermès of Paris, Inc. v. Matthew Swain,* 867, F.3d 321, 325 (2d. Cir. 2017) As noted by this Court, to uphold Swain's counsel's argument would "'fatally undermine[]" the FAA because it would allow "a party resisting arbitration [to] defeat federal jurisdiction simply by suing someone from the same state, plus the party seeking to compel arbitration, in a separate lawsuit.'" (*Id.)*

On March 9, 2018, Swain moved in New Jersey state court to reinstate his long-dismissed complaint allegedly because of a newly-decided New Jersey Supreme Court decision under which, Swain argued, *Hermès* was required to initiate an arbitration with Swain and had failed to do so within the contractual limitations period. (JA 042-43.) At oral argument before Superior Court Judge Keith E. Lynott, Swain's counsel asserted that *Hermès* had breached the contractual limitations period (which he incorrectly claimed was six months for all claims) and was therefore precluded from proceeding in arbitration:

> MR. HAGER: \*\*\* I respectfully say that that time limit is a time limit on Hermes. Just like any, like if you look at a statute of limitations, you want to use an analogy, is that it would be my burden as the plaintiff's attorney to get that case filed within two years.
>
> THE COURT: That's sort of my point. You're the one who's burdened. The defendant isn't burdened by a statute.

7

MR. HAGER: Because we didn't initiate, petition and force arbitration. And the arbitration initiation within six months it's on Hermes, it's their contract. This is not a statute of limitations. This is an initiation limitation, if you want to call it that, that's in their contract that they have to live up to. So respectfully that, that is right. I think that that six-month is exactly the deadline….

* * *

THE COURT: …[A]re you arguing, or will you argue that there's some kind of a tolling that took place during the pendency of the federal litigation?

MR. HAGER: I'm not aware of any, Your Honor. I'm not aware of any.

(JA 060-62, Tr. 13:18-18:2.)

The court rejected Swain's arguments, stating in its decision that "[e]even to summarize Swain's position is to reveal its inherent legal and logical flaws." (JA 083.) The court concluded that "there is no reason in law or logic to read th[e] text [of the DRP Agreement] in a manner that would impose upon the party – Hermès in the circumstances here – that is not seeking any relief or remedy against the other an affirmative obligation to initiate an arbitration." (*Id.*) The Court noted that the anachronistic result of the construction urged by Swain would be "to require Hermès to initiate an action against itself." (*Id.*)

The court also rejected the underpinning of Swain's motion, that *Roach v. BM Motoring LLC*, 228 N.J. 163 (2017), which involved a business that insisted upon arbitration in its consumer contracts, but refused to advance the arbitration

fees per the arbitration agreement, was so comparable on the facts as to render the

Hermès DRP Agreement unenforceable.  Judge Lynott determined that *Roach* "has

no bearing on the circumstances here" which are "not remotely comparable."  (JA

086, JA 088.)

      The New Jersey Appellate Division affirmed on appeal.  First, the appellate

panel observed that Swain "challenges the enforceability of the DRP, even though

he did not do that in New York [federal court]." *Swain v. Hermès of Paris, Inc., et

al.,* No. A-4682-17T4, 2019 WL 1773293, at *3 (N.J. App. Div. April 23, 2019).

Then, the Court stated flatly that "the question of which party was arguably

obligated to initiate the arbitration is a red herring because the federal court

compelled it."  (*Id*. at *4.)  The Court also found Swain's purported reliance on

*Roach* "misplaced" as the two cases were "factually distinguishable." (*Id.* at *3.)

      On April 26, 2019, *three years and five months* after Swain's employment at

Hermès ended, he finally filed a Demand for Arbitration with the AAA.  (JA 091.)

In accordance with the AAA's Rules, Hermès requested, and, without opposition,

was granted, permission to make a motion to dismiss because Swain's claims were

not timely filed.  (JA 101; American Arbitration Association, Employment

Arbitration Rules & Mediation Procedures, Rule 27.)  On December 10, 2019, the

Arbitrator granted Hermès' application and dismissed all of Swain's claims as

untimely.  (JA 212-13.)

Two weeks later, Swain filed yet another application in New Jersey state court to reinstate his NJLAD complaint. (JA 214-15.) On January 16, 2020, Hermès petitioned the court below to confirm the Award and enjoin Swain from initiating any further litigation arising from his Hermès' employment. (JA 002.) On January 29, 2020, Swain filed a cross-petition to vacate. (*Id.*) Upon receiving notice that cross petitions were pending in the District Court, the New Jersey state court proposed – and Swain agreed – to administratively withdraw his application to reinstate his NJLAD complaint, without prejudice, pending the outcome of the District Court's decision on the petitions. (JA 217.)

On September 16, 2020, Chief Judge Colleen McMahon granted Hermès' application in its entirety, confirming the Award, and denying Swain's cross-petition. *Hermès of Paris, Inc. v. Matthew Swain*, No. 16 Civ. 6255, 2020 WL 5549704 (S.D.N.Y. Sept. 16, 2020). Judge McMahon flatly rejected Swain's argument that the Arbitrator exceeded her jurisdiction by dismissing his claims based upon a limitations defense. Citing the DRP Agreement's provision that in reaching his or her decision, "the arbitrator shall apply the governing substantive law applicable to the parties' claims and defenses otherwise available in court," Judge McMahon found that "[t]he DR[P] does indeed confer on the Arbitrator the power to decide whether claims are time-barred." (*Id.* at *3-4.)

Judge McMahon found meritless, and irrelevant, Swain's further argument that even if the Arbitrator possessed the authority to rule on the timeliness defense, she should have tolled the time between Swain's commencement of state court litigation and the initiation of arbitration. Judge McMahon stated that since a failure to toll the limitations period does not fall within one of the four grounds upon which an arbitration award may be vacated under the FAA, Swain's argument is "nothing more than a challenge to the correctness of [the] decision" which the court had "no authority what[so]ever" to consider. (*Id*. at \*4.) Judge McMahon observed that Swain's tolling argument was wrong - "but that is of no moment." (*Id*.)

Judge McMahon also granted Hermès' request to enjoin Swain from pursuing any further litigation against Hermès. The court found that Swain's relentless campaign to avoid arbitration had caused "needless expense to Hermès" and unnecessary "burdens upon the court system, directly counteracting the goals of the arbitral process." (*Id.* at \*5.) Given Swain's "affinity for pursuing vexatious and duplicative litigation," Judge McMahon concluded that "it is abundantly clear that, absent such an injunction, Swain is unlikely to cease pursuing such duplicative and frivolous litigation." (*Id*.) The court therefore enjoined Swain from refiling his motion to reinstate the New Jersey state court complaint and from

filing any additional lawsuits against Hermès in connection with his employment.

(*Id.* at *6.) Swain's appeal, which prompted this motion, followed.

## <u>ARGUMENT</u>

I. <u>SWAIN'S FRIVOLOUS ARGUMENTS TO THIS COURT WARRANT SANCTIONS</u>

Rule 38, Fed. R. App. P., provides that: "If a court of appeals shall determine that an appeal is frivolous . . . it may award just damages and single or double costs to the appellee." *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 517 (2d Cir. 1985) (awarding attorneys' fees and costs against parties and their counsel for frivolous appeal under Rule 38 and inherent power of court). Sanctions issued in connection with a frivolous appeal may be awarded "as a matter of justice to the appellees and as a penalty against the appellant." *Bartel Dental Books Co. v. Schultz*, 786 F.2d 486, 490 (2d Cir. 1986), *cert. denied*, 478 U.S. 1006, 106 S. Ct. 3298, 92 L.Ed.2d 713 (1986) (quoting Fed. R. App. P. 38 Advisory Committee note). Such damages "may include the granting of reasonable attorneys' fees to the party forced to defend the frivolous appeal." *Alvarez v. Bahama Cruise Line*, 898 F.2d 312, 318 (2d Cir. 1990). Attorneys can be held jointly and severally liable with their clients under Rule 38 for bringing frivolous appeals. *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381–82 (2d Cir. 1982). *See Muigai v. U.S. Immigration & Naturalization Serv.*, 682 F.2d 334, 337 (2d Cir. 1982); see also 28 U.S.C. § 1927 (1982) ("[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may

be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.")

Where an appellant asserts arguments that are "not legally cognizable" and "patently baseless" – as Swain has done here – Rule 38 sanctions are warranted. *Beter v. Murdoch,* 771 F. App'x 62 (2d Cir. 2019) (sanctions awarded against appellant for appeal "'brought without the slightest chance of success,' and thus, it should not have been brought at all.") (internal citations omitted). *See Galin v. Hamada*, 753 F. App'x 3, 5 (2d Cir. 2018) (sanctions warranted where appellant's arguments "are . . . devoid of legal and factual support.")

Swain's "affinity for pursuing vexatious and duplicative litigation," as the court below described it, is on full display on this appeal. While Swain raises one issue that sounds cognizable under Section 10(a) -- that the Arbitrator exceeded her powers by considering Hermès contractual limitations defense and dismissing Swain's claims as untimely under the DRP Agreement -- that argument was waived in Arbitration when Swain consented to Hermès' motion to dismiss[3], and is utterly groundless given the Arbitrator's express authority under the DRP Agreement to resolve "the parties' claims and defenses otherwise available in court...." (JA 024.) *See* Appellee's Br. at 24-28. Swain's argument that the

---

[3] See n. 6, *infra*.

"Disputes Covered" Attachment barred consideration of Hermès' limitations

defense because that defense is not listed among the covered disputes is unadorned

nonsense because the Attachment lists *no defenses* and, by logical extension,

Swain's argument would mean that any respondent under the DRP Agreement

would be defenseless. Id. at 25-26.

Pretending that an empty FAA Section 10(a) argument provides a non-

frivolous justification for this appeal, Swain uses the opportunity to place before

this Court questions that are entirely improper on appeal because they: (1) were not

addressed below and are not therefore cognizable on this appeal[4]; (2) were

addressed and resolved by the New Jersey state courts (but not by the District

Court) and therefore are not cognizable on this appeal[5]; (3) were waived in

arbitration and therefore were neither cognizable in the District Court nor are they

---

[4] See, e.g. Appellant's Br. at 1-4 (arguing that, in the circumstances, the DRP
Agreement required Hermès, and only Hermès, to initiate an arbitration of its
dispute with Swain, presumably relieving Swain of his obligation to have timely
commenced the arbitration he ultimately brought); id. at 4-5, 31 (suggesting that
Hermès waived the limitations defense in arbitration by not raising it in court);
Appellant's Reply Br. at 1 n.1 (objecting to federal jurisdiction over this matter);
Appellant's Reply Br. at 5-6 (asking this Court to interpret and construe the AAA
Arbitration Rules to limit the "dispositive motion" rule to summary judgment-type
motions and against motions to dismiss).

[5] See, e.g. Appellant's Br. at 1-4; Appellant's Reply Br. at 3 (arguing that the DRP
Agreement is unenforceable as contrary to New Jersey public policy – an argument
made to and  rejected by each of the New Jersey courts in which the parties have
appeared).

in this Court[6]; (4) that concern the Arbitrator's failure to apply New Jersey law

under an arbitration agreement that states expressly "New York law shall apply to

this agreement"[7]; and (5) fall outside the scope of Section 10(a) of the FAA, 9

---

[6] See, e.g. Appellee's Br. at 27-28 & n.4 (observing that Swain's brief in Arbitration raised no objection to the Arbitrator's authority to decide the motion to dismiss (JA 149-54) and that Swain's bald assertion that he "objected to this issue being considered" is both unsupported by any relevant citation to the record and refuted by the Arbitrator's Order (JA 212)). Compare Appellant's Reply Br. 5-6. Swain had every opportunity in his Reply Brief to direct the Court to some evidence that he actually did object, and did not consent, to Hermès' motion to dismiss, but Swain chose not to address the issue.

[7] See, e.g. Appellant's Br. at 7, 13, 24 n.10, 38-40, Appellant's Reply Br. at 2 (arguing that under *Galligan v. Westfield Centre Service,* 82 N.J. 188 (1980), the DRP Agreement's limitations period should have been tolled – despite Swain's counsel having informed a New Jersey court that he knew of no basis for tolling (JA 060-62); id. at 12 n.6 (arguing that a New Jersey Supreme Court decision holds that an arbitration agreement that does not specify that it covers NJLAD claims does not apply to such claims); id. at 15 n.8 (misinforming the Court that the New Jersey Appellate Division "voided" a portion of the DRP Agreement); id. at 26 (arguing that the decision below violated Swain's "constitutional and civil rights" under New Jersey statutory and decisional law); id. at 38 (arguing that a New Jersey Appellate Division decision denying all relief requested by Swain, enforcing the Order compelling arbitration made by the court below, and directing "the parties to arbitrate plaintiff's claims" was "law of the case" binding the Arbitrator to hold an evidentiary hearing and the court below to vacate the Award because it was based on a pre-hearing procedural dismissal that denied Swain a hearing); Appellant's Reply Br. at 3 (arguing that a purported shortening of the NJLAD limitations period in the DRP Agreement is unenforceable under *Rodriguez v. Raymours Furniture Company, Inc.,* 225 N.J. 343 (2016)); Appellant's Reply Br. at 5 (arguing that "the DRP [Agreement] be construed and its delegation provision applied under New Jersey contract law principles.").

U.S.C. §10(a), and therefore are not reviewable on an appeal from an Order

confirming (and declining to vacate) an arbitration award[8].

Thus, Swain's numerous arguments possess one unifying trait: they are all

manifestly groundless.  On reply, Swain added an additional argument that

underscores his struggle not only with making serious, good-faith arguments, but

with the truth.  Beginning from the premise that an agreement that purports to

shorten the NJLAD limitations period is invalid under *Rodriguez*, *supra*, Swain

states: "Hermès's argument that an alleged six-month contractual limitations

period in the DRP [Agreement] should have the effect of invalidating Swain's

NJLAD case runs afoul of Rodriguez and should be rejected."  (Appellant's Reply

Br. p. 3.)  The problem with this assertion, of course, is that Hermès does not

make, and through all the prior proceedings in this matter has *never* made, that

argument.  *See* Appellee's Br. at 4, 9-10 (quoting from the relevant paragraph of

the DRP Agreement[9], noting that *Swain's* counsel "incorrectly claimed" that all his

---

[8] See, e.g. Appellant's Br. at 1-5, 7, 13, 24 n.10, 26, 31, 38-40 (arguing that the
court below erred in "refus[ing] to equitably toll the statute of limitations….");
Appellant's Reply Br. at 2 (arguing that the Arbitrator's ruling was made in error
as she mistakenly based it upon the "statute of limitations" rather than a contractual
limitations period).

[9] "[E]ither you or [Hermès] may initiate final and binding arbitration within six
months after you or [Hermès] become aware, or should have reasonably become
aware, of the facts giving rise to the dispute, *unless the dispute arises under a law
that provides an alternate filing period, in which case such period shall apply.*"
(JA 024 (emphasis supplied).)

claims were subject to a six-month limitations period, and quoting Mr. Hager

misinforming the New Jersey Superior Court that "that six-months is exactly the

deadline."); JA 065 (in the same transcript, quoting Hermès' counsel as advising

the court: "I disagree with [Mr. Hager] in terms of his reading of the applicable

limitation period. The provision that's operative says either six months or if the

governing statute has its own statute of limitations, that limitations period. But that

limitations period under the LAD is two years…."); JA 046, 051 (in a Certification

to the New Jersey Superior Court, Mr. Hager citing the six-month portion of the

contractual limitations period, but redacting (with ellipses) the period applicable to

his NJLAD claim); JA 094 (in its Answer in Arbitration, Hermès stating: "all of

Swain's claims are barred by the applicable six month (for Swain's breach of

contract claim) and two-year (for his discrimination claims) contractual limitations

period set forth in the DRP."); JA 106, 112-13 (Hermès' motion to dismiss in

Arbitration referencing the two-year contractual limitations period applicable to

Swain's NJLAD claims).

It is bad enough to falsely claim that the adverse party has made an

argument it did not make; still worse when that party has actually taken the

*opposite* position; but, here, Mr. Hager goes one step further, putting *his* frivolous

argument in the mouth of Hermès and asking this Court to invalidate the DRP

Agreement on that basis. Hermès has never asserted that a six-month limitations

period (or any shortened limitations period) applies to Swain's NJLAD claims. To

so argue would require a complete misreading of the express and crystal clear

language of the DRP Agreement. But *Mr. Hager* exhibits no hesitation in falsely

attributing (without benefit of citation) that argument to Hermès in his reply

brief.[10] *Bartel Dental Books Co.,* 786 F.2d at 491 (awarding sanctions where

counsel tried to "obfuscate the fact that his clients had no federal claim"). *See also*

*Ernst Haas Studio, Inc.*, 164 F.3d at 112 (per curiam) (concluding that sanctions

were appropriate where appellant's reply brief advanced factual and legal

arguments conspicuously absent from the opening brief.)

## II. <u>SWAIN'S REPEATED ABUSE OF THE JUDICIAL PROCESS TO EVADE ARBITRATION WARRANTS SANCTIONS</u>

Rule 38 sanctions are appropriate where a litigant has "demonstrated an

uncontrollable propensity repeatedly to pursue vexatious and harassing litigation."

*In re Martin–Trigona*, 9 F.3d 226, 228 (2d Cir. 1993). Under those circumstances,

Rule 38 sanctions can be used to "do[] justice between the parties," and "penaliz[e]

a party for unnecessarily wasting the time and resources of the court." *In re*

*Hartford Textile Corp.*, 659 F.2d 299, n. 9 (2d Cir. 1981) (internal citations

---

[10] Were it not for the requirement that a sanctions motion be made separately from the principal merits briefs, Mr. Hager's mischaracterization would be the last word on the subject. For this reason, this Court has "declined to entertain arguments made for the first time in [a] Reply Brief." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999).

19

omitted); *see In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 119–20 (2d Cir. 2000) (imposing sanctions because appeal was taken in bad faith and appellant's counsel had repeatedly raised meritless and vexatious arguments in other federal courts in the same and different matters). "[B]ad faith may be inferred where the action is completely without merit." *In re 60 E. 80th St. Equities, Inc.*, 218 F. 3d at 116.

Swain was ordered by the District Court to arbitrate his claims, if he chose to pursue them, *four and a half years ago*. Since then, his counsel has appeared before twelve judges in four courts (this Court now twice, the New Jersey trial court on three separate applications, the New Jersey Appellate Division, and the Southern District of New York one additional time), piling frivolous argument upon frivolous argument in an unrelenting effort, first, to renege on the agreement he made to arbitrate any dispute arising out of his employment, and then, to vacate the Award against him. He has yet to succeed. And the judicial response has gone far beyond mere rejection of Swain's arguments, characterizing them, for example, as "a red herring," as devoid of support "in law or logic," and as constituting "errant nonsense."

Nine years ago, this Court affirmed a clear policy aimed at vindicating the purposes underlying the FAA: "Since a key benefit of an arbitration agreement is avoidance of court battles (and their associated costs and delays), . . . the federal

policy of enforcing sophisticated parties' arbitration agreements weighs in favor of fee awards against parties who attempt, without legitimate legal basis, to circumvent arbitration." *Amaprop Ltd. v. Indiabulls Fin. Servs.*, 483 F. App'x 634, 635 (2d Cir. 2012). Swain's defiance of the District Court's Order compelling arbitration and his years' long series of groundless maneuvers aimed at avoiding arbitration not only made a travesty of his agreement to arbitrate, but converted a process intended, by law, to be speedy, efficient and cost-effective into a lengthy ordeal at a significant cost to both Hermès and the judiciary. The instant appeal, which is entirely frivolous, brought against the backdrop of Swain's and his counsel's history of vexatious, groundless and dilatory litigation, warrants a substantial award of sanctions. *See Amaprop Ltd.,* 483 F. App'x 634; *Moore v. Time, Inc.,* 180 F.3d 463, 463–64 (2d Cir. 1999) (imposing sanctions where appellant had previously brought several frivolous appeals); *Beekman Paper Co. v. Nat'l Paper Prods., et al.,* 909 F.2d 67, 69 (2d Cir. 1990) (awarding sanctions where appeal concerned claims described by the district court as "no[t] legally cognizable" and "patently baseless"); *Bank of Canton, Ltd. v. Republic Nat. Bank,* 636 F. 2d 30, 31 (2d Cir. 1980) ("[T]he appeal is so completely frivolous as to render its prosecution an abuse of the appellate process which … has put the appellee to heavy expense required to analyze the record, brief the issues and argue the case."); *Der-Rong Chour v. Immigration & Naturalization Serv.*, 578 F.2d 464,

467-69 (2d Cir. 1978) (sanctions assessed where "(t)he petition appears to represent one more step in an outrageous abuse of civil process through persistent pursuit of frivolous and completely meritless claims"); *Acevedo v. Immigration & Naturalization Serv.*, 538 F.2d 918, 919-21 (2d Cir. 1976) (double costs assessed against attorney where petition for review was found to be "utterly frivolous and completely lacking in any merit"); *Fluoro Electric Corp. v. Branford Assocs.*, 489 F.2d 320, 326 (2d Cir. 1973) (costs and damages assessed against appellant which prosecuted three frivolous appeals and post-trial motions in District and Circuit courts).

A sanctions award is of crucial importance here because the vexatious strategy employed by Swain and his counsel, while extraordinary in its scope and duration, could be replicated by any party or their counsel willing to launch serial meritless actions and motions aimed at avoiding arbitration. An award of sanctions is necessary in order to vindicate the "twin goals of arbitration, namely settling disputes efficiently and avoiding long and expensive litigation." *Rich v. Spartis*, 516 F. 3d 75, 81 (2d Cir. 2008). In light of the litigation history of this matter, which is a matter of public record, any other result could substantially undermine the FAA. *Amaprop Ltd.,* 483 F. App'x at 635.

## **<u>CONCLUSION</u>**

For the reasons stated herein, pursuant to Rule 38, Fed. R. App. P., 28

U.S.C. § 1927, and this Court's inherent authority, Hermès asks the Court to award

sanctions against Swain and his counsel for the frivolous appeal to this Court and

the vexatious litigation history that preceded it.

Dated:  New York, New York
        April 9, 2021

                        PROSKAUER ROSE LLP
                        Attorneys for Appellee

                        By: */s/ Lawrence R. Sandak*
                          Lawrence R. Sandak
                          Edna D. Guerrasio
                          11 Times Square
                          New York, New York 10036
                          (212) 969-3000
                          *Attorneys for Hermès of Paris, Inc.*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because this brief contains 5,174 words, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B)

I further hereby certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated:  New York, New York

April 9, 2021

PROSKAUER ROSE LLP


By:  */s/ Lawrence R. Sandak*

Lawrence R. Sandak
Edna D. Guerrasio
11 Times Square
New York, New York 10036
(212) 969-3000
*Attorneys for Hermès of Paris, Inc.*

24