20-3451-cv
*Hermes v. Swain*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-one.

Present:
        DEBRA ANN LIVINGSTON,
               *Chief Judge*,
        REENA RAGGI,
        GERARD E. LYNCH,
               *Circuit Judges*.

_____

HERMES OF PARIS, INC.,

        *Petitioner-Appellee*,

    v.                                                                                     20-3451-cv

MATTHEW SWAIN,

        *Respondent-Appellant*.

_____

For Petitioner-Appellee:         LAWRENCE R. SANDAK (Edna Doris Guerrasio, *on the brief*), Proskauer Rose LLP, New York, NY.

For Respondent-Appellant:     CHRISTOPHER W. HAGER, Hager Law, LLC, Morristown, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Matthew Swain ("Swain") appeals from the district court's September 17, 2020 judgment confirming an arbitration award that dismissed his claims against Hermès of Paris, Inc. ("Hermès") as untimely. For the reasons set forth herein, we affirm the district court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**1.  Confirmation of the Arbitration Award**

Swain contends that the district court erred in confirming the arbitrator's dismissal of his claims as time-barred, arguing that the arbitrator lacked the authority to consider such a defense under the parties' arbitration agreement. In other words, he asserts that limitations defenses are not arbitrable under the agreement. We disagree.

In considering Swain's challenge, this Court reviews the district court's legal rulings *de novo* and its findings of fact for clear error. *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 118 (2d Cir. 2011). The district court's review of the arbitrator's judgment is "'severely limited' in view of the strong deference courts afford to the arbitral process." *Certain Underwriting Members of Lloyds of London v. Fla., Dep't of Fin. Servs.*, 892 F.3d 501, 505 (2d Cir. 2018) (quoting *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009)). The purpose of this "limited review" is to "avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (internal quotation marks and citation omitted).

Under the "federal substantive law of arbitrability," "most disputes between parties to a binding arbitration agreement are 'arbitrable,' meaning that they are to be decided by the

arbitrators, not the courts." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 129 (2d Cir. 2015). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 130 (alteration and citation omitted). In other words, this Court "must construe the parties' intentions 'generously' in favor of arbitrability." *Bechtel do Brasil Construcoes Ltda. v. UEG Araucária Ltda.*, 638 F.3d 150, 154 (2d Cir. 2011) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626 (1985)).

This Court having previously determined that the subject matter of the parties' dispute is subject to arbitration, *see Hermès of Paris, Inc. v. Swain*, No. 16-CV-6255, 2016 WL 4990340 (S.D.N.Y. Sept. 13, 2016), *aff'd*, 867 F.3d 321 (2d Cir. 2017),[1] the limitations question was "presumptively" for the arbitrator to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *see John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964) ("Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."). Although this presumption of arbitrability may be rebutted with "express language in the contract referring to a court questions concerning the timeliness of a demand for arbitration," the arbitration agreement between Swain and Hermès contains no such language. *Conticommodity Servs. Inc. v. Philipp & Lion*, 613 F.2d 1222, 1227 (2d Cir. 1980); *see Martens v. Thomann*, 273 F.3d 159, 179 n.14 (2d Cir. 2001) ("[I]f the claims are subject to a valid and enforceable arbitration agreement, the arbitrator, not the court, should be deciding the

---

[1] On appeal, Swain conceded the arbitrability of his dispute with Hermès. *See Swain*, 867 F.3d at 323.

3

statute of limitations issue."); *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir. 1991) ("[*A*]*ny* limitations defense—whether stemming from the arbitration agreement, arbitration association rule, or state statute—is an issue to be addressed by the arbitrators." (emphasis in original) (citations omitted)).

Swain counters that an attachment to the parties' arbitration agreement narrowly limits arbitrable issues to eight enumerated "claims, demands, and controversies," *i.e.*, "disputes covered."² App'x 27. He asserts that limitations issues are not arbitrable because they are not listed among these covered disputes. But Swain's reading of the arbitration agreement and its attachment is flawed. The limitations defense asserted by Hermès is an affirmative defense growing out of a covered dispute and bearing on its final disposition; it is not itself a substantive claim. *See Howsam*, 537 U.S. at 84 (noting limitations questions were presumptively for the arbitrator, not a court, to decide). As one would expect, the "disputes covered" list does not include *any* defenses. *See* App'x 27. Clearly, the parties did not intend all defenses to be unreviewable by the arbitrator.³

What's more, the arbitration agreement explicitly confers on the arbitrator the authority to "apply the governing substantive law applicable to the parties' claims *and defenses* otherwise available in court," which plainly covers the limitations defenses asserted by Hermès in the

---

² The eight enumerated "disputes covered" include "all legal and equitable claims, demands, and controversies" arising out of: (i) the terms and conditions of Swain's employment with Hermès; (ii) any agreement between Swain and Hermès; (iii) employment policies or employee benefit plans; (iv) unfair competition, violation of trade secrets, or disclosure of confidential information; (v) alleged discrimination, harassment, or retaliation; (v) whistleblowing claims under federal, state, local, or common law; (vi) leaves of absence, benefits, compensation, or post-termination benefits under federal, state, or local law; and (vii) other foreign, federal, state or local law or regulation. App'x 27. The Court notes that the attachment mistakenly assigns romanette "(v)" to two types of covered disputes. *Id.*

³ Further supporting our reading is the fact that the "Disputes Excluded" provision of the attachment does not enumerate statute of limitations defenses (or any defenses, for that matter) among the list of *excluded* disputes. *See id.*

4

arbitration proceeding.  App'x 24 (emphasis added).  Resolving all doubts in favor of arbitrability, this Court rejects Swain's strained reading of the parties' arbitration agreement and its attachment as prohibiting the arbitrator from deciding limitations issues.  *See Citigroup*, 776 F.3d at 129.

Swain also argues that, assuming the arbitrator had the power to decide limitations issues, the arbitrator erred by refusing to equitably toll the limitations periods.  But even if the arbitrator's refusal to toll was erroneous—and we see no reason to reach that conclusion—that is not a basis on which to revisit the district court's judgment confirming the award.  Under the Federal Arbitration Act ("FAA"), the "validity of an award is subject to attack only on those grounds listed in [Section] 10, and the policy of the FAA requires that the award be enforced unless one of those grounds is affirmatively shown to exist."[4]  *Lloyds of London*, 892 F.3d at 505 (quoting *Wall St. Assocs. L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994)).  That the arbitrator "committed an obvious legal error" is not among these grounds.  *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2d Cir. 1997).  Accordingly, the district court did not err in declining to vacate, and instead confirming, the award.[5]  *Jock*, 646 F.3d at 122 ("Put simply,

---

[4] Section 10 of the FAA states that a court may vacate an arbitration award where:  (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrators"; (3) "the arbitrators were guilty of misconduct or misbehavior" in carrying out their duties; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a).

[5] This Court rejects Swain's argument that the arbitrator's dismissal on a motion to dismiss, rather than on summary judgment, denied him his right to an "arbitration" under the arbitration agreement.  The agreement here incorporates American Arbitration Association ("AAA") rules, which expressly permit the arbitrator to consider dispositive motions.  AAA Employment Arbitration Rules and Mediation Procedures R. 27.  AAA Rule 27 does not exclude motions to dismiss from such permissible "dispositive motions."  *See id.*

We also reject Swain's argument that the arbitration award should be vacated because it was rendered in "manifest disregard of the law."  *See Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011). "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare

5

section 10(a)(4) does not permit vacatur for legal errors." (alteration, internal quotation marks, and citation omitted)).

### 2. The District Court's Anti-Filing Injunction

Finally, Swain asserts that the district court's anti-filing injunction, which prohibits him from refiling a motion to reinstate his complaint in New Jersey state court and from filing any additional lawsuits against Hermès for claims arising out of his former employment, should be vacated. We review the district court's determination to issue an injunction for abuse of discretion. *See Eliahu v. Jewish Agency for Isr.*, 919 F.3d 709, 713 (2d Cir.), *cert. denied*, 140 S. Ct. 380 (2019). "An abuse of discretion may be found when the district court relies on clearly erroneous findings of fact or on an error of law in issuing the injunction." *In re Baldwin-United Corp.*, 770 F.2d 328, 334 (2d Cir. 1985).

"In determining whether to restrict a litigant's future ability to sue, a court must consider whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Eliahu*, 919 F.3d at 713–14 (internal quotation marks and citation omitted). We have identified five factors to be considered in deciding whether to impose an anti-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

---

instances where some egregious impropriety on the part of the arbitrator is apparent." *Id.* Swain has not come close to meeting that burden. His brief discussion of this argument nowhere identifies any specific source of law that the arbitrator disregarded, and the "manifest disregard" standard does not authorize us to vacate an arbitrator's award based on disagreement with the arbitrator's resolution of a legal issue.

6

*Id.* at 714 (citation omitted).

Here, the district court determined that the first, second, and fourth factors weighed in favor of issuing the present injunction, given Swain's history of vexatious and duplicative litigation, his improper motive for pursuing the litigation, and the fact that he has inflicted needless expense on Hermès and unnecessarily burdened the court system. *See Hermès of Paris, Inc. v. Swain*, No. 16-CV-6255, 2020 WL 5549704, at *5 (S.D.N.Y. Sept. 16, 2020). We agree with the district court's assessment as to those factors and conclude that the court did not abuse its discretion in issuing the injunction.

As to the first factor, the district court did not err in determining that Swain has a demonstrable history of vexatious and duplicative lawsuits against Hermès. Since the district court compelled the parties to arbitrate in September 2016, "Swain has filed two motions to reinstate his complaint in New Jersey state court, arguing repeatedly that he is entitled to litigate his claims in court," despite decisions to the contrary from this Court, the district court, the New Jersey Appellate Division, and the New Jersey Superior Court. *Id.*; *see generally Swain*, 867 F.3d at 323; *Swain*, 2016 WL 4990340, at *1; *Swain v. Hermès of Paris*, No. A-4682-17T4, 2019 WL 1773293, at *3 (N.J. Super. Ct. App. Div. 2019); App'x 76.

Next, the district court correctly determined that Swain lacked an objective good faith expectation of prevailing in the instant dispute. We thus agree with the court's finding that Swain's "current motive in continuing to pursue a reinstatement of his state-court complaint is an attempt to avoid complying with the arbitrator's decision against him." *Swain*, 2020 WL 5549704, at *5. This conclusion turns the second factor against Swain, and also the fourth, as he has undoubtedly caused needless expense to Hermès and imposed an unnecessary burden on federal and state courts through his repeated filings. *See Eliahu*, 919 F.3d at 715 (holding that

7

even frivolous claims, which may not be overly difficult to defend against, may require defense at "not insignificant costs" and "burden[]" the courts).

Having concluded that these factors weigh in favor an anti-filing injunction, we see no abuse of discretion in the district court's order enjoining Swain from refiling a motion to reinstate his complaint in New Jersey state court and from filing future lawsuits against Hermès for claims arising out of his former employment. We therefore affirm the district court's issuance of an injunction.[6]

* * *

We have considered Respondent-Appellant Swain's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[6] At the same time, we deny Hermès's motion to sanction Swain and his attorney, Christopher Hager. *See* 28 U.S.C. § 1927; Fed. R. App. P. 38. At oral argument, Hermès withdrew the motion as to Swain, in light of attorney Hager's taking responsibility for the questionable litigation strategy pursued by Swain. We conclude that, at least at present, the district court's anti-filing injunction is sufficient to address his "deviations from proper standards of conduct[,] with a view toward encouraging future compliance and deterring further violations," the "underlying purpose of sanctions." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 179 (2d Cir. 2012) (citation omitted).